UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DHARMA CL, LLC, D/B/A BEST WAY INN CLEBURNE, | § § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| LEXINGTON INSURANCE COMPANY, AND JOSEPH REKART, JR. | § § § | |
| *Defendants* | § § § | |

NOTICE OF REMOVAL
BY DEFENDANT LEXINGTON INSURANCE COMPANY

Defendant Lexington Insurance Company ("Lexington") files this notice of removal pursuant to 28 U.S.C. § 1446(a):

**Commencement and Service**

1.      This is a commercial property insurance coverage dispute. On January 22, 2016, Plaintiff filed an action styled Cause No. DC-C201600029, *Dharma CL, LLC d/b/a Best Way Inn Cleburne vs. Lexington Insurance Company and Joseph Rekart, Jr.*; in the 18th Judicial District Court of Johnson County, Texas.

2.      Plaintiff's Original Petition ("Petition") was served on Defendant Lexington via the Texas Commissioner of Insurance on February 8, 2016. This Notice of Removal is filed within the 30-day time period allowed by 28 U.S.C. § 1446(b).

**Grounds for Removal**

3.      This action is removable because there is complete diversity of citizenship between the properly joined parties, and because damages alleged are in excess of $75,000.00. Accordingly, this matter is within the jurisdiction conferred by 28 U.S.C. § 1332.

4.      Copies of all pleadings, process, and orders in the state-court suit are attached to this Notice as required by 28 U.S.C. § 1446(a).

5.      Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court action was filed in Johnson County District Court, and that court is embraced by the United States District Court for the Northern District of Texas, Dallas Division.

6.      Lexington will promptly file a copy of this Notice of Removal with the clerk of the Johnson County District Court, where the suit is pending.

## Diversity of Citizenship

7.      Plaintiff is organized under the laws of the State of Texas, and maintains its principle place of business at 2110 W. Katherine P. Raines Road, Cleburne, Texas 76033. Pursuant to 28 U.S.C. § 1332(c), Plaintiff is a citizen of Texas for the purposes of Federal Diversity Jurisdiction.

8.      Lexington is organized under the laws of the State of Delaware, and maintains its principle place of business at 99 High St., Floor 23, Boston, Massachusetts 02110. Pursuant to 28 U.S.C. § 1332(c), Lexington is a citizen of Delaware and Massachusetts for the purposes of Federal Diversity Jurisdiction.

9.      Joseph Rekart, Jr. is an individual permanently residing in the State of Texas, and is a citizen thereof. For the reasons outline below, Ms. Rekart has been improperly joined as a defendant.

## Improper Joinder

10.      According to the Northern District's recent decision in *Patel v. Acceptance Indem. Ins. Co.*,[1] and the precedent upon which that decision is based, Mr. Rekart has been

---

[1] *Patel v. Acceptance Indem. Ins. Co.*, 2016 U.S. Dist. LEXIS 10300 (N.D. Tex. January 28, 2016).

Case 3:16-cv-00554-M   Document 1   Filed 02/29/16   Page 3 of 7   PageID 3


improperly joined as a defendant. In *Patel*, the Court noted that the case before it was "but another in a long line of cases in which attorneys for the insured-plaintiff joined as a defendant … the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case."[2] Recognizing this phenomenon, the Court sought to articulate the standard by which plaintiffs should plead their case against adjusters and other such representatives. It stated, that where actual fraud is not alleged, the test for improper joinder is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.[3]

11.     The Court went on to conduct a review of State and Federal pleading standards, and recent changes thereto.[4] It concluded that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.[5] Moreover:

> the "showing" contemplated … requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by factual underpinnings.

12.     Using this standard, the Court in *Patel* concluded that joinder of the defendant-adjuster was improper.[6] In reaching this conclusion, the Court noted the following:

(i)     Plaintiff did not allege any damages caused by the defendant-adjuster individually;

(ii)    Plaintiff did not allege any actions outside the scope of defendant-adjuster's employment;

(iii)   Plaintiff specifically plead the legal principle of *respondeat superior*;

---

[2] *Id.* at *7.
[3] *Id.* at *2-3 (citing *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th. Cir. 2004)).
[4] *Patel*, 2016 U.S. Dist. LEXIS 10300 at *3-6.
[5] *Id.* at *3-6 (citing Fed. R. Civ. P. 8(a)(2), and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).
[6] *Patel*, 2016 U.S. Dist. LEXIS 10300 at *9-10.

3

(iv)     The defendant-insurer, and not the defendant-adjuster, was responsible for coverage; and

(v)      Close analysis of Plaintiff's complaint reveals that its "factual allegations" are nothing more than mere legal conclusions.[7]

13.     Like the Plaintiff in *Patel*, the Plaintiff in this matter has not stated a plausible claim for relief against Mr. Rekart. Plaintiff has not alleged damages caused by Mr. Rekart individually, has not alleged actions outside the scope of Mr. Rekart's employment, and has specifically plead *respondeat superior*.[8] It was Lexington, and not Mr. Rekart, which was responsible for coverage or non-coverage of Plaintiff's property; and the "factual allegations" against Mr. Rekart are nothing more than mere legal conclusions.

14.     Instead, each and every allegation against Mr. Rekart is a restatement of Plaintiff's core assertion: the loss was covered in its entirety, the loss was not paid, anything less than complete compensation was wrongful, and anyone who asserts or concludes less than complete coverage or compensation is culpable. Regardless of whether this assertion is or may be true, Plaintiff has not provided this Court with a single fact substantiating Mr. Rekart's alleged misbehavior.[9] Therefore, Mr. Rekart has been improperly joined and this case is properly removed.

## Amount in Controversy

15.     Generally, the amount in controversy in a given action is determined from the Complaint itself, unless it appears that the amount stated in the Complaint is not claimed in good

---

[7]  *Id.* at *8-9.

[8]  Petition § III; "Whenever in this petition it is alleged that Defendants did any act or thing, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such a thing. It was also done in the **normal routine, course and scope of the agency or employment** of Defendants or their agents, officers, servants, employees, or representatives" (emphasis added).

[9]  Plaintiff has not provided dates on which Mr. Rekart conducted his untimely inspection (¶ F), described specific actions which render it "substandard" (¶ G), quoted statements which constitute his misrepresentations (¶ H), or stated an actual value of the loss which can be compared to Mr. Rekart's unreasonable and un-thorough adjustment (¶ I).

faith.[10] When the complaint does not include the amount of damages sought, a defendant may prove the amount exceeds $75,000 in one of several ways: (i) by showing that it is facially apparent from the Petition that the claims are more than $75,000, or (ii) by setting out facts supporting a finding that the amount in controversy has been met.[11] It is the sufficiency of jurisdictional facts supporting removal *at the time the case is removed* that are key to the analysis.[12]

16.     In this case, Plaintiff specifically alleges that it seeks "monetary relief more than $200,000."[13] Therefore it is facially apparent from the Petition that the claims are more than $75,000. As such, Federal diversity jurisdiction exists. Defendant is entitled to remove this case pursuant to 28 U.S.C. §§ 1332 and 1441.

### Conclusion

17.     This action should be removed to this Court pursuant to 28 U.S.C. § 1441 inasmuch as there is complete diversity of citizenship between the plaintiff and the parties properly joined as defendants, and the judgment value of damages sought by plaintiff is in excess of the jurisdictional limit.

18.     Pursuant to LR 81.1 of the Northern District of Texas, Defendant is filing with this Notice of Removal the following:

(i)     A completed civil cover sheet and supplemental civil cover sheet;

(ii)    An index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

(iii)   A copy of the docket sheet in the state court action;

---

[10] *See Horton v. Liberty Mutual Insurance Co.,* 367 U.S. 348, 353 (1961).
[11] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[12] *Gebbia v. WalMart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[13] *See* Petition § IX.

(iv)    Each document filed in the state court action, tabbed and arranged in
        chronological order; and

(v)     A separately signed certificate of interested persons.


WHEREFORE, Lexington Insurance Company respectfully requests that this Court

remove this action from the 18th Judicial District Court of Johnson County, Texas to the United

States District Court for the Northern District of Texas, Dallas Division.

> Respectfully submitted,
>
> /s/ *Raymond L. Gregory II*
> Raymond L. Gregory II
> Attorney in Charge
> State Bar No.08438275
> Federal Bar No. 12879
> rlg2@egglestonbriscoe.com
>
> EGGLESTON & BRISCOE, LLP
> 333 Clay Street, Suite 4800
> Houston, Texas 77002
> (713) 659-5100
> (713) 951-9920 facsimile
>
> ATTORNEYS FOR LEXINGTON
> AND JOSEPH REKART, JR.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been served pursuant to the Federal Rules of Civil Procedure on February 29, 2016 to:

Wes Holland
William N. Allan, IV
**ALLAN, NAVA, GLANDER & HOLLAND, PLLC**
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216
Telephone: (210) 305-4220
Telecopier: (210) 305-4219

/s/ *Raymond L. Gregory II*
Raymond L. Gregory II