UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DHARMA CL, LLC d/b/a BEST WAY | § | |
| INN CLEBURNE, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | C.A. NO. 3:16-cv-00554-M |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| And JOSEPH REKART, JR. | § | |
| | § | |
| *Defendants* | § | |

**DEFENDANT LEXINGTON INSURANCE COMPANY'S**
**FIRST AMENDED MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

Defendant Lexington Insurance Company ("Lexington") files this Motion and asks the

Court to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), as follows:

**Introduction**

1.      This is a commercial property insurance coverage dispute. Plaintiff Dharma CL,

LLC d/b/a Best Way Inn Cleburne ("Dharma") asserts that it has suffered a covered loss under

the relevant Lexington policy. Because Lexington did not issue payment to Dharma for that loss,

Dharma now asserts multiple causes of action against Lexington: breach of contract; violation of

Chapters 541 and 542 of the Texas Insurance Code; violation of the Texas Deceptive Trade

Practices Act; and breach of the duty of good faith and fair dealing. Dharma further asserts that

Joseph Rekart, Jr., in his capacity as an adjuster on Dharma's claim, is also culpable for

Lexington's non-payment.[1]

---

[1] Lexington has removed this dispute to Federal court based on diversity jurisdiction and Dharma's
improper joinder of Mr. Rekart. Accordingly, this Motion is subject to the Court's ruling on Lexington's
assertion of improper joinder.

## Arguments and Authorities

2.      Despite its 16-page Original Petition, despite its multiple "theories of liability," and despite the 23 paragraphs of "facts" contained therein, Dharma has failed to state a claim upon which relief can be granted. As described, *infra*, Dharma relies solely on conclusory statements and recitation of elements to assert its claims. In doing so, it has deprived Lexington of the required fair notice, and this Court of a reasonable basis upon which to adjudicate the claims.

3.      A motion to dismiss for failure to state a claim upon which relief can be granted tests the formal sufficiency of the plaintiff's complaint.[2] It admits the facts alleged in the complaint, but challenges plaintiff's right to any relief on those facts.[3] A court ruling on such a motion must identify allegations that, because they are merely conclusions, are not entitled to an assumption of truth, and consider the remaining well-pleaded allegations to determine if they plausibly suggest a claim for relief.[4] Where the well-pleaded facts stated in the complaint are insufficient, a court has authority to dismiss a suit for failure to state a claim upon which relief can be granted.[5]

4.      To be sufficient, a complaint must contain a short and plain statement of the plaintiff's claims showing that the plaintiff is entitled to relief.[6] This statement gives the defendant fair notice of the claim and the grounds upon which it rests.[7] A complaint attacked by

---

[2] See *Republican Party v. Martin*, 980 F.2d 943, 953 (4th Cir. 1992).
[3] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995); Fed. R. Civ. P. 12(d).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009).
[5] *Iqbal*, 556 U.S. at 679; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); Fed. R. Civ. P. 12(b)(6).
[6] *Twombly*, 550 U.S. at 555.
[7] *Id*.

a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations.[8] However, a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice.[9] Courts are not bound to accept as true a legal conclusion couched as a factual allegation.[10]

5.      While the current Federal rules are "a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, [they do] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[11] Only a complaint that states a plausible claim for relief can survive a motion to dismiss.[12] Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.[13] Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief.[14]

6.      Two cases from the Northern District are instructive regarding plaintiff's failure to state a claim under Rule 12(b)(6). First, in *Ainsworth v. Wells Fargo Home Mortg., Inc.*, this Court granted a defendant Law Firm's motion to dismiss for failure to state a claim based, in

---

[8] *Twombly*, 550 U.S. at 555. See also *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 2016 U.S. App. LEXIS 6394, at *8 (5th Cir. Mar. 31, 2016) ("It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: To pass muster under Rule 12(b)(6), [a] complaint must have contained enough facts to state a claim to relief that is plausible on its face.") (internal quotation marks omitted).

[9] *Twombly*, 550 U.S. at 555.

[10] *Iqbal*, 556 U.S. at 678-79 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Papasan v. Allain*, 478 U.S. 265, 286 (1986)(cited with approval by *Twombly*, 550 U.S. at 555).

[11] *Iqbal*, 556 U.S. at 678-79.

[12] *Id.* at 679.

[13] *Id.*

[14] *Id.* See also *Patel v. Acceptance Indem. Ins. Co.*, 2016 U.S. Dist. LEXIS 10300 (N.D. Tex. January 28, 2016)(Applying a 12(b)(6)-type analysis in the context of improper joinder in a commercial property dispute).

part, on the plaintiff Homeowner's unsupported allegations.[15] There, Homeowners alleged that Law Firm had violated various provisions of the Texas Fair Debt Collection Practices Act ("TDCPA").[16] Law Firm asserted that Homeowners' claims under the TDCPA should be dismissed because their "conclusory allegations … [were] insufficient to state a claim," and the Court agreed.[17] Specifically, Homeowners alleged threats, coercions, and misrepresentations in connection with Law Firm's attempts to foreclose on the subject property without actually showing the violative threats, coercions, or misrepresentations.[18] In other words, the allegations against Law Firm were legal conclusions presented as substantive facts, and were therefore insufficient to survive a Rule 12(b)(6) challenge.[19]

7.      This Court's analysis in *Ainsworth* is supported by the recent decision in *Patel v. Acceptance Indem. Ins. Co.*[20] There, the Court provided an in-depth analysis on "the pleading standard to be used in [a] Rule 12(b)(6)-type analysis" of a state-court pleading.[21] It opined that "decisions of Texas appellate courts suggest that by reason of a recent amendment to the Texas Rules of Civil Procedure the issue of federal pleading standard versus state pleading standard is somewhat moot."[22] Specifically, the addition of Texas Rule of Civil Procedure 91a allows for the dismissal of a cause of action which has no basis in law or fact.[23] While Texas Rule 91a is not identical to Federal Rule 12(b)(6), Texas appellate courts have interpreted Rule 91a as requiring

---

[15] *Ainsworth v. Wells Fargo Home Mortg., Inc.*, 2014 U.S. Dist. LEXIS 176956 (N.D. Tex. Nov. 26, 2014)(adopted by this Court in *Ainsworth v. Wells Fargo Home Mortg., Inc.*, 2014 U.S. Dist. LEXIS 176267 (N.D. Tex. Dec. 22, 2014)).
[16] *Ainsworth*, 2014 U.S. Dist. LEXIS 176956 at *24-25.
[17] *Id.* at *23-26.
[18] *Id.*
[19] *Id.* at *26.
[20] *Patel*, 2016 U.S. Dist. LEXIS 10300 at *1.
[21] *Id.* at *3.
[22] *Id.* at *4.
[23] *Id.*

a Rule 12(b)(6)-type analysis and have relied on Federal case law in applying the Texas Rule.[24] Based on this change to the Texas Rules, and the inclination of Texas courts to seek guidance from Federal courts in its application, the Court in *Patel* applied Federal pleading standards to the plaintiff's petition.[25] Upon application, the Court denied the plaintiff relief from a defendant against which it had only plead conclusory allegations.[26]

8.      Like the plaintiffs in *Ainsworth* and *Patel*, Dharma has provided little in the way of substantive factual allegations. Accepting all of Dharma's non-conclusory statements as true, Plaintiff's Original Petition states that: Dharma purchased a Lexington policy; the Lexington policy covered a particular piece of property; in April 2015 that property "experienced" a storm; the property was damaged by that storm; Dharma submitted a claim to Lexington; Mr. Rekart acted as an adjuster on the claim; and Lexington did not issue payment to Dharma for the claim.

9.      While each of these facts may be necessary prerequisites to a dispute about commercial property insurance coverage, none of these facts amount to — or even suggest — wrongdoing by Lexington. Insurance policies do not compensate insured parties for all losses; there are limitations on coverage. Where there is no coverage, or when covered losses do not exceed applicable deductibles, insurance companies do not issue payment to insured parties, and there is no breach or violation for such non-payment. Finally, insurance companies often rely upon the investigations of third parties, such as Mr. Rekart, in making coverage determinations. Where those investigations indicate that losses do not warrant payment, there is not necessarily any malice or negligence by the third party investigator.

---

[24] *Id.* at *5 (see also *Drake v. Walker*, 2015 Tex. App. LEXIS 4732, at *2-3 (Tex. App.-Dallas May 8, 2015, no pet.) (mem. op., not designated for publication); *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet, denied); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754-55 (Tex. App.—Beaumont 2014, pet. denied)("While not identical, [TRCP] 91a is analogous to [FRCP] 12(b)(6); therefore we find case law interpreting Rule 12(b)(6) instructive.")).
[25] *Patel*, 2016 U.S. Dist. LEXIS 10300 at *5-7.
[26] *Id.* at *9-10.

10.     Dharma's Petition goes to great lengths to say that the losses to its property were covered and extensive. It spills great amounts of ink to show that Lexington and Mr. Rekart negligently, indifferently, or intentionally ignored this reality. However, Dharma's efforts are hollow because they are without substance. Dharma's petition concludes without justification that Lexington should have paid Dharma for its losses. It then proceeds to restate and extrapolate upon this conclusion in every way imaginable. Examples include:

(i)     Dharma asserts that Lexington's handling of the claim was untimely.[27] However, Dharma has not provided any date for any event other than the occurrence of the storm which allegedly damaged the subject property. Even there, it provides only a month and not a specific date.

(ii)    Dharma characterizes Rekart's investigation as "substandard" or generally not in accordance with the duties owed by Lexington and Rekart to Dharma.[28] However, Dharma provides no specific examples of how or why this might be true.

(iii)   Dharma claims that misrepresentations were made during the course of Lexington's adjustment.[29] However, Dharma does not cite, quote, or even paraphrase a particular statement by Lexington or Rekart; let alone demonstrate how that statement is contrary to reality.

(iv)    Dharma asserts that the true value of the loss exceeds Lexington's determination. However, it does not provide any estimate of its losses, any explanation of deductibles under the policy, or any sum of money other than the $200,000 to $1,000,000 it now seeks in damages.

11.     In summary, Dharma's petition shows, through non-conclusory assertions, that: there was damage to its insured property during a Lexington policy period, Lexington conducted an investigation of Dharma's claim, and Lexington did no pay Dharma for this claim. This, without more, is not sufficient to show that Lexington has breached the insurance contract or otherwise acted in violation of applicable standards of care. Dharma has not corrected or overcome this insufficiency with its verbose pleadings. Beyond what is stated above, each of its

---

[27] Plaintiff's Original Petition, ¶¶ F, P, R, S & T.
[28] Plaintiff's Original Petition, ¶¶ F, G & K.
[29] Plaintiff's Original Petition, ¶¶ G, H, L & M.

assertions is merely a conclusory statement based on the unsupported assumption that Lexington owes compensation to Dharma under the terms and provisions of an insurance contract. Therefore, dismissal for failure to state a claim is proper, and this motion should be granted.

## Conclusion

12.     In order to invoke the authority of the Court, to haul a defendant into court, and to acquire the broad powers of civil discovery, plaintiffs must draft petitions and complaints meeting specific, and generous standards. In particular, plaintiffs must, through non-conclusory statements, show a plausible right to relief. In this matter, Dharma has failed to meet this standard. Under rules promulgated and interpreted by the United States Supreme Court, and followed closely by the State of Texas, Dharma's Original Petition is insufficient, and does not state a claim upon which relief can be granted.

WHEREFORE, Lexington Insurance Company respectfully requests that this Court grant its Motion, and dismiss Dharma's claims against Lexington and Mr. Rekart.

Respectfully submitted,

*/s/ Raymond L. Gregory II*
Raymond L. Gregory II
Attorney in Charge
State Bar No.08438275
Federal Bar No. 12879
rlg2@egglestonbriscoe.com

EGGLESTON & BRISCOE, LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100
(713) 951-9920 facsimile

ATTORNEYS FOR LEXINGTON
AND JOSEPH REKART, JR.

<u>**CERTIFICATE OF SERVICE**</u>

     I certify that a true and correct copy of the foregoing instrument has been served pursuant to the Federal Rules of Civil Procedure on May 27, 2016 to:

     Wes Holland
     William N. Allan, IV
     **ALLAN, NAVA, GLANDER & HOLLAND, PLLC**
     825 W. Bitters Road, Suite 102
     San Antonio, Texas 78216
     Telephone: (210) 305-4220
     Telecopier: (210) 305-4219

                             */s/ Raymond L. Gregory II*
                             Raymond L. Gregory II