UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DHARMA CL, LLC d/b/a | § | |
| BEST WAY INN CLEBURNE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-cv-00554-M |
| | § | |
| LEXINGTON INSURANCE COMPANY | § | |
| and JOSEPH REKART, JR., | § | |
|     Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

NOW COMES DHARMA CL, LLC d/b/a BEST WAY INN CLEBURNE ("Plaintiff"), complaining of LEXINGTON INSURANCE COMPANY ("Lexington") and JOSEPH REKART, JR. ("Mr. Rekart") (collectively, "Defendants"), and for such cause of action would respectfully show unto the court and jury as follows:

## I. DISCOVERY CONTROL PLAN

Plaintiff currently seeks monetary relief over $200,000 but not more than $1,000,000, and demands judgment for all the other relief to which it deems itself entitled. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II. PARTIES

Plaintiff, DHARMA CL, LLC d/b/a BEST WAY INN CLEBURNE, is a Texas limited liability company with its principal place of business in Johnson County, Texas. Plaintiff's sole member, Dharmisha Patel, is a Texas citizen and resident of Johnson County, Texas.

Defendant, LEXINGTON INSURANCE COMPANY, is a corporation engaged in the business of insurance in this state. Defendant has made an appearance in this case and may be served by and through its counsel of record.

Defendant, JOSEPH REKART, JR., is a Texas citizen and resident of Dallas County, Texas. Mr. Rekart has made an appearance in this case and may be served by and through his counsel of record.

### III. AGENCY AND RESPONDEAT SUPERIOR

Whenever in this petition it is alleged that Defendants did any act or thing, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

### IV. JURISDICTION AND VENUE

The Texas state court in which this case was brought has jurisdiction over this case because the damages sought are within the jurisdictional limits of the state court. The federal court to which this case was removed lacks jurisdiction because Mr. Rekart is a properly joined and named defendant party who is a citizen of the State of Texas, which precludes jurisdiction based on diversity of citizenship. Plaintiff reserves the right to move for remand of this case back to state court based on the federal court's lack of subject matter jurisdiction.

Venue is proper in Johnson County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Johnson County, Texas.

## V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## VI. FACTS

A.   Plaintiff is the owner of a Texas Commercial Property Insurance Policy No. 41-LX-019907273-1, issued by Lexington (the "Policy").

B.   Plaintiff owns the insured property shown below, which is specifically located at 2110 W. Katherine P. Raines Rd., Cleburne, Texas 76033 (the "Property"). The Property is a three-story hotel comprised of a portico and a main building with 48 guest rooms, fitness center, business center, and laundry facilities.



C.   Lexington, or its agent(s), sold the Policy, insuring the Property, to Plaintiff.

D.   At the time of issuance, and in correspondence regarding the Policy, Lexington represented to Plaintiff that the Policy provided coverage to pay the full value of any loss and damage to the Property caused by covered perils, which includes hail, wind, and water intrusion among other types of covered perils. Plaintiff relied on such representations to purchase the Policy, continue to pay premiums to keep the Policy in effect, and to submit a claim for loss and damage to the Property caused by covered perils, including loss and damage caused by hail,

wind, and water intrusion. However, Plaintiff relied on such representations to its detriment because Lexington ultimately refused to pay the full value of loss and damage to the Property caused by covered perils, including loss and damage caused by hail, wind, and water intrusion.

E.      In or about April of 2015, Plaintiff experienced a storm that damaged the Property, Plaintiff's business. The storm damage to Plaintiff's business was a covered loss under the Policy. In its track, the storm left behind widespread damage to the Property caused by covered perils, including: (1) hail and wind damage to the roof shingles, ridge caps, vents, flashing, drip edges, gutters, and downspouts of the main building; (2) hail and wind damage to the roof shingles, ridge caps, drip edges, gutters, and downspouts of the portico; (3) hail and wind damage to the exterior stucco, soffits, fascia, trim, windows, window screens, and clothes dryer vents of the main building; (4) hail and wind damage to the exterior stucco, soffits, fascia, and trim of the portico; (5) hail and wind damage to an exterior commercial sign and several parking light fixtures; (6) water intrusion damage, as a result of storm-created roof openings and separations, to interior ceilings, insulation, and walls of multiple rooms in the main building; and (7) water intrusion damage, as a result of storm-created wall openings and separations, to interior window areas of multiple rooms in the main building.

F.      In or about May of 2015, Plaintiff timely submitted a claim to Lexington for all of the covered damage caused by the storm, and Lexington assigned claim number AEXH-0156A9 to Plaintiff's claim. Lexington assigned Joseph Rekart, Jr. ("Mr. Rekart"), to adjust the claim. Mr. Rekart was an agent and representative of Lexington in regard to Plaintiff's claim. Mr. Rekart also acted as an insurance adjuster engaged in the business of insurance

by investigating, processing, evaluating, approving, and denying, in whole or in part, Plaintiff's claim. Mr. Rekart was also charged with communicating with Plaintiff about Policy terms, coverage, and payment.

G.      Lexington and Mr. Rekart and were not diligent in the handling and resolution of Plaintiff's claim. Lexington and Mr. Rekart failed to timely and reasonably investigate the Plaintiff's claim. Lexington and Mr. Rekart also failed to fairly and accurately adjust Plaintiff's claim, and as a result, Lexington and Mr. Rekart improperly denied full coverage and payment for the entire covered loss.

H.      In part, Lexington and Mr. Rekart waited until July of 2015 to commence the investigation of Plaintiff's claim and inspect the Property. During the inspection, Mr. Rekart was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying the damage done to Plaintiff's business. However, Mr. Rekart conducted a substandard inspection, made erroneous determinations, and prepared a repair estimate that vastly under-scoped the actual covered damages to the business. As a result, Mr. Rekart's inspection and estimate did not allow for adequate funds to cover repairs to restore Plaintiff's business.

I.      In part, Mr. Rekart gave cursory attention to the roof of the portico and interior of the main building, and limited his investigation primarily to the roof and exterior of the main building. As a result of his inadequate inspection, Mr. Rekart failed to account for all of the covered damage by overlooking and disregarding, and as a result omitting from his estimate, areas of storm damage to Plaintiff's business that were part of the covered loss under the Policy, including: (1) hail and wind damage to the ridge caps, vents, flashing, drip edges, and most of the roof shingles of the main building; (2) hail and wind damage to the roof

shingles, ridge caps, and drip edges of the portico; (3) hail and wind damage to the soffits, fascia, trim, window screens, and most of the exterior stucco and windows of the main building; (4) hail and wind damage to the soffits, fascia, trim, and most of the exterior stucco of the portico; (5) hail and wind damage to the exterior commercial sign; (6) water intrusion damage, as a result of storm-created roof openings and separations, to interior ceilings, insulation, and walls of multiple rooms in the main building; and (7) water intrusion damage, as a result of storm-created wall openings and separations, to interior window areas of multiple rooms in the main building.

J.     Instead, Mr. Rekart only accounted for hail and wind damage to 66 roof shingles and the gutters and downspouts of the main building, the gutters and downspouts of the portico, 43 square feet of exterior stucco, seals around 4 windows, the clothes dryer vents, and the parking light fixtures. Nevertheless, Mr. Rekart also under-estimated and misrepresented the actual cost to repair the underscoped hail and wind damage he included in his estimate. Without any substantiated basis, Mr. Rekart further assumed and represented that any and all interior water intrusion damage was unrelated to the storm and any other damage to the Property was not caused by hail or wind. Thus, Mr. Rekart misrepresented material facts regarding lack of coverage for the omitted storm damages and the costs of needed repairs, materials, taxes, and contractor's overhead and profit.

K.     In November of 2015—months after the claim was submitted—Lexington sent a letter to Plaintiff in which it formally acknowledged receipt of the claim, stated the claim had been submitted for payment consideration, and stated the damages would require further review and a coverage determination. Based on Mr. Rekart's adjustment, however, Lexington determined that no payment was due on Plaintiff's claim, even though the actual scope and

cost to repair Plaintiff's business far exceeds the scope and amount of Mr. Rekart's estimate and the deductible under the Policy. Indeed, Plaintiff retained its own adjuster who determined that the actual cost to repair Plaintiff's business for all of the covered damage described above exceeds $200,000. Plaintiff's adjuster attempted to work with Lexington to resolve Plaintiff's claim and obtain payment for the full value of all of the covered damage described above. Nevertheless, Lexington refused to consider or accept any findings and information provided by Plaintiff's adjuster.

L.   As described above, Lexington and Mr. Rekart demonstrated they did not conduct a thorough and reasonable investigation of Plaintiff's claim, misrepresented material facts regarding lack of coverage for omitted storm damages, and misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's business as well as the amount of and insurance coverage for Plaintiff's claim and covered loss. Mr. Rekart made these and other misrepresentations to Plaintiff and Lexington. Plaintiff and Lexington relied on Mr. Rekart's misrepresentations, and Plaintiff has been damaged as a result of such reliance. Mr. Rekart's misrepresentations caused Lexington to deny Plaintiff's claim, and Lexington's misrepresentations caused Plaintiff to pay for insurance and submit a claim that did not—as promised—pay the full value of the loss and damage to Plaintiff's property caused by covered perils, including loss and damage caused by hail and wind. As a result, Plaintiff has not been able to properly and completely repair the covered damages to Plaintiff's business, which has caused additional and further damage to Plaintiff's business.

M.   Defendant Lexington failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant Lexington failed and refused to properly pay proceeds of the Policy, although due demand was made for proceeds to be

paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant Lexington's conduct constitutes a breach of the insurance contract.

N.     Defendants Lexington and Mr. Rekart failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, Lexington and Mr. Rekart engaged in unfair insurance and settlement practices prohibited under Texas law.

O.     Defendant Mr. Rekart made, issued, and circulated an estimate and related statements that misrepresented the benefits under the Policy, which promised to pay the full amount of loss to the Plaintiff. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section of the Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

P.     Defendants Lexington and Mr. Rekart misrepresented to Plaintiff that damages to the Property were not covered under the Policy, even though the damages were caused by a covered peril. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

Q.     Defendants Lexington and Mr. Rekart failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of the liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

R.     Defendants Lexington and Mr. Rekart failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendants did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendants

provide any explanation for the failure to adequately settle Plaintiff's claims. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(3).

S.      Defendants Lexington and Mr. Rekart failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

T.      Defendants Lexington and Mr. Rekart refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants Lexington and Mr. Rekart performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

U.      Defendant Lexington failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.055.

V.      Defendant Lexington failed to accept or deny the Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct

constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

W.      Defendant Lexington failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

X.      From and after the time Plaintiff's claim was presented to Defendant Lexington, the liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Lexington has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Y.      As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action. To date, Defendants have failed to and refused to pay Plaintiff for the proper repair of the property.

Z.      Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. THEORIES OF LIABILITY

### A.  Cause of Action for Breach of Contract

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Defendant Lexington has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, the Plaintiff's business has been damaged.

Defendants Lexington and Mr. Rekart's failure and refusal, as described above, to pay the adequate compensation as they are obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Lexington's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

### B.  Cause of Action for Violation of Section 542

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant Lexington's acts, omissions, failures, and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Defendant Lexington has violated Section 542 by failing to timely acknowledge receipt of Plaintiff's claim, investigate Plaintiff's claim, or request from Plaintiff all items, statements, and forms that it reasonably believed at that time would be required from Plaintiff within the applicable statutory timeframe. Defendant Lexington has also violated Section 542 by failing to timely provide sufficient written notice of

its acceptance or rejection of Plaintiff's claim within the applicable statutory timeframe. Defendant Lexington has further violated Section 542 by failing to pay the full value of Plaintiff's claim within the applicable statutory timeframe. Additionally, if it is determined Defendant Lexington owes Plaintiff any additional monies on Plaintiff's claim, then Defendant Lexington has automatically violated Section 542 in this case.

## C. DTPA Cause of Action

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants Lexington and Mr. Rekart. Specifically, Defendants Lexington and Mr. Rekart's violations of the DTPA include, without limitation, the following matters.

By their acts, omissions, failures, and conduct that are described in this petition, Defendants Lexington and Mr. Rekart have violated Sections 17.46(b)(2), (5), (7), (12) and (19) and Sections 17.50(a)(2), (3), and (4) of the DTPA. In this respect, Defendants' violations include, without limitation:

A. (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's business on which liability had become reasonably clear. This gives Plaintiff the right to recover under Section 17.46(b)(2) of the DTPA;

B.     As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

C.     As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D.     As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

E.     Defendants have breached an express warranty that the damage caused by the subject storm would be covered under the insurance policies. This breach entitles the Plaintiff to recover under Sections 17.46(b)(12) and (19) and 17.50(a)(2) of the DTPA;

F.     Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

G.     Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

## D.  Cause of Action for Unfair Insurance Practices

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants Lexington and Mr. Rekart under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants Lexington and Mr. Rekart have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of the Plaintiff's claim and Defendants' failure to pay for the proper repair of the Plaintiff's business on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants Lexington and Mr. Rekart are guilty of the following unfair insurance practices:

A.     Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.     Engaging in unfair claim settlement practices;

C.     Making, issuing, or circulating an estimate or statement that misrepresents the promised benefits under the policy;

D.      Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

E.      Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability has become reasonably clear;

F.      Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

G.      Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

H.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants Lexington has also breached the Texas Insurance Code when it breached its common law duty of good faith and fair dealing.

Defendants Lexington and Mr. Rekart's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, Defendant Lexington has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable

investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

## VIII. WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiff.

## IX. DAMAGES

The above described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's business and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant Lexington's breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant Lexington as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees.

## X. ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 541 of the Texas Insurance Code and Section 17.50(b)(1) of the DTPA.

## XI. EXEMPLARY DAMAGES

Defendant Lexington's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XII. ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. JURY DEMAND

Plaintiff demands a jury trial and tendered the appropriate fee with its original petition.

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive and exemplary

damages as may be found.  In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**ALLAN, NAVA, GLANDER & HOLLAND, PLLC**
13409 NW Military Hwy, Suite 300
San Antonio, Texas  78231
Phone:  (210)  305-4220
Fax:  (210)  305-4219
serveone@anglawfirm.com
wholland@anglawfirm.com

By:   */s/ Wes Holland*
WILLIAM N. ALLAN, IV
State Bar No. 24012204
WES HOLLAND
State Bar No. 24007379
**ATTORNEYS FOR PLAINTIFF**

ActiveFiles:ActiveCases:42000.0061 - Dharma CL, LLC dba Best Way Inn v Lexington Insurance:Pleadings:Petitions:42000.0061 Best Way Inn v Lexington First Amended Petition.docx

## CERTIFICATE OF SERVICE

I hereby certify that, on May 27, 2016, the foregoing document was electronically filed with the Clerk of Court and served on Defendants' counsel of record listed below using the CM/ECF system, which will send notification of such filing to the following:

Raymond L. Gregory II
EGGLESTON & BRISCOE, LLP
333 Clay St., Suite 4800
Houston, Texas 77002
Phone: (713) 659-5100
Fax: (713) 951-9920
rlg2@egglestonbriscoe.com

*/s/ Wes Holland*
WES HOLLAND