UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DHARMA CL, LLC d/b/a<br>BEST WAY INN CLEBURNE,<br>     Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 3:16-cv-00554-M |
| | § | |
| LEXINGTON INSURANCE COMPANY<br>and JOSEPH REKART, JR.,<br>     Defendants. | §<br>§<br>§<br>§ | |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff Dharma CL, LLC d/b/a Best Way Inn Cleburne ("Dharma") files this Motion to Remand pursuant to 28 U.S.C. § 1447(c), respectfully requesting that the Court remand this case because of the lack of subject matter jurisdiction and lack of proof of improper joinder, and in support would show the Court as follows:

**TABLE OF CONTENTS**

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

       A.   Lexington Has a Heavy Burden to Prove Diversity Jurisdiction Based on
            Allegations of Improper Joinder . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

       B.   Applicable Methods and Pleading Standard for Improper Joinder Analysis . . . . . .  3

       C.   Under Texas Law, an Insurance Adjuster Like Rekart Can Be Held
            Liable for Violations of the Texas Insurance Code and DTPA . . . . . . . . . . . . . . . . 4

       D.   Dharma's Original Petition Sufficiently States at Least One Plausible Claim
            on which It May Possibly Recover Against Rekart . . . . . . . . . . . . . . . . . . . . . . . . 6

III.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

## TABLE OF AUTHORITIES

**Statutes and Rules**

Tex. Bus. & Com. Code § 17.50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

Tex. Ins. Code § 541.002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tex. Ins. Code § 541.051 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Tex. Ins. Code § 541.060 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10

Tex. Ins. Code § 541.151 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Federal Cases**

*Acuna v. Brown & Root, Inc.*,
  200 F.3d 335 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Cavallini v. State Farm Mut. Auto Ins. Co.*,
  44 F.3d 256 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Crowe v. Coleman*,
  113 F.3d 1536 (11th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*De Aguilar v. Boeing Co.*,
  47 F.3d 1404 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Dollar v. General Motors Corp.*,
  814 F. Supp. 538 (E.D. Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Esteban v. State Farms Lloyds*,
  23 F. Supp. 3d 723 (N.D. Tex. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*First Baptist Church v. GuideOne Mut. Ins. Co.*,
  No. 1:07–CV–988, 2008 WL 4533729 (E.D. Tex. Sept. 29, 2008) . . . . . . . . . . . . . . . 5

*Gasch v. Hartford Indem. Co.*,
  491 F.3d 278 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 10

*Grey v. Beverly Enters.-Miss., Inc.*,
  390 F. 3d 400 (5th Cir 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Howery v. Allstate Ins. Co.*,
  243 F.3d 912 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Hughes v. Tobacco Institute, Inc.*,
    278 F.3d 417 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Int'l Energy Ventures Mgmt. LLC v. United Energy Grp. Ltd.*,
    818 F.3d 193 (5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Int'l Energy Ventures Mgmt. LLC v. United Energy Grp. Ltd.*,
    800 F.3d 143 (5th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Land v. Wal-Mart Stores of Texas*,
    No. SA-14-CV-009-XR, 2014 WL 585408 (W.D. Tex. Feb. 13, 2014) . . . . . . . . . . . . . . 4

*Lindsey–Duggan, LLC v. Philadelphia Ins. Cos.*,
    No. SA–08–CA–736–FB, 2008 WL 5686084 (W.D. Tex. Dec. 15, 2008) . . . . . . . . . . . . 5

*Martinez v. State Farm Lloyds*,
    No. 3:16-cv-00040-M, 2016 WL 4427489 (N.D. Tex. Aug. 22, 2016) . . . . . . . . . . . . . . . 9

*McNeel v. Kemper Cas. Ins. Co.*,
    No. 3:04–CV–0734, 2004 WL 1635757 (N.D. Tex. July 21, 2004) . . . . . . . . . . . . . . . . . 5

*Roach v. Allstate Vehicle & Prop. Ins. Co.*,
    No. 3:15-CV-3228-G, 2016 WL 795967 (N.D. Tex. Feb. 29, 2016) . . . . . . . . . . . . . . . . 9

*Rocha v. Geovera Specialty Ins. Co.*,
    No. 7:13–CV–589, 2014 WL 68648 (S.D. Tex. Jan. 8, 2014) . . . . . . . . . . . . . . . . . . . . . 5

*Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Inc.*,
    99 F.3d 746 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Smallwood v. Illinois Cent. R. Co.*,
    385 F.3d 568 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Stifting v. Plains Marketing, L.P.*,
    603 F.3d 295 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*The Denley Grp., LLC v. Safeco Ins. Co. of Indiana*,
    No. 3:15-CV-1183-B, 2015 WL 5836226 (N.D. Tex. Sept. 30, 2015) . . . . . . . . . . . . . . . 9

*Travis v. Irby*,
    326 F.3d 644 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Willy v. Coastal Corp.*,
    855 F.2d 1160 (5th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Texas State Cases**

*Allstate Ins. Co. v. Kelly*,
    680 S.W.2d 595 (Tex. App.—Tyler 1984, writ ref'd n.r.e.) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ennis v. Loiseau*,
    164 S.W.3d 698 (Tex. App.—Austin 2005, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Gore v. Scotland Golf, Inc.*,
    136 S.W.3d 26 (Tex. App.—San Antonio 2003, pet. denied) . . . . . . . . . . . . . . . . . . . . . . 4

*Kingston v. Helm*,
    82 S.W.3d 755 (Tex. App.—Corpus Christi 2002, pet. denied) . . . . . . . . . . . . . . . . . . . . 4

*Leyendecker & Assocs., Inc. v. Wechter*,
    683 S.W.2d 369 (Tex. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*,
    966 S.W.2d 482 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Miller v. Keyser*,
    90 S.W.3d 712 (Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Shapolsky v. Brewton*,
    56 S.W.3d 120 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) . . . . . . . . . . . . . . . . 4

*Vail v. Texas Farm Bur. Mut. Ins. Co.*,
    754 S.W.2d 129 (Tex. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Walker v. Anderson*,
    232 S.W.3d 899 (Tex. App.—Dallas 2007, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.     INTRODUCTION

Dharma filed this case in state court to assert state causes of action related to an insurance claim for storm-related damages to its business located in Cleburne, Texas. Dharma's Original Petition alleges various claims against its insurer, Lexington Insurance Company ("Lexington"), and the insurance adjuster assigned to its claim, Joseph Rekart, Jr. (*See* Exhibit A). In part, Dharma has alleged claims against Rekart for violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act ("DTPA"). Dharma is a Texas citizen that resides in Texas. (*Id.* at 1; *see also* Dkt. No. 5, at ¶ 7). Rekart is also a Texas citizen who resides in Texas. (*See* Exhibit A, at 2; *see also* Dkt. No. 5, at ¶ 9). Thus, the parties lack complete diversity.

Nevertheless, Lexington filed its Notice of Removal asserting there is complete diversity between it and Dharma, and that Rekart should be disregarded as improperly joined. However, the Court lacks subject matter jurisdiction because Lexington has not met its burden to prove that Dharma cannot possibly recover against Rekart. Rather, Texas law provides a basis for Dharma to possibly prevail against Rekart for his alleged violations of the Texas Insurance Code and DTPA, and Dharma's Original Petition alleges sufficient facts to state at least one plausible claim against Rekart for violating the Texas Insurance Code. For these reasons, Dharma's Motion to Remand should be granted and this case should be remanded back to state court.

II.    ARGUMENT AND AUTHORITIES

    A.    **Lexington Has a Heavy Burden to Prove Diversity Jurisdiction Based on Allegations of Improper Joinder**

Federal courts must presume that cases lie outside their limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal raises significant federalism concerns as "the effect of

removal is to deprive the state court of an action properly before it." *Gasch v. Hartford Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). To determine whether jurisdiction is present for removal, the district court considers the claims in the state court petition as they existed at the time of removal, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995), and the substantive law of the forum state, *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001). Any ambiguities or doubts must be construed against removal and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

"A federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." *Stifting v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). To establish diversity jurisdiction, the removing party must prove that every non-diverse defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [an] inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[1] *Id*.

Under the second prong, the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, . . . mean[ing] that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* For this test, the court should analyze the allegations in the plaintiff's petition to determine whether it states a claim under state law against the in-state defendant. *Id.* The court must accept as true all relevant allegations contained in the plaintiff's petition and construe all factual and legal ambiguities in the plaintiff's favor. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Sid Richardson Carbon & Gasoline Co. v. Interenergy*

---

[1] This motion only addresses the second test because Lexington's Notice of Removal did not allege actual fraud in the pleading of jurisdictional facts as the basis for removal of this case.

*Res., Inc.*, 99 F.3d 746, 751–52 (5th Cir. 1996); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988). The court does not weigh the merits of the plaintiff's claim but only determines whether it is an arguable one under state law. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *accord Sid Richardson*, 99 F.3d at 751–52.

If the state court petition provides a reasonable basis for recovery on just one cause of action, the entire case must be remanded. *Grey v. Beverly Enters.-Miss., Inc.*, 390 F. 3d 400, 412 (5th Cir 2004). A claim of improper joinder "must be 'pleaded with particularity,' supported by 'clear and convincing evidence,' and proven with 'certainty.'" *Dollar v. General Motors Corp.*, 814 F. Supp. 538, 541 (E.D. Tex. 1993). The Fifth Circuit has stressed that "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis*, 326 F.3d at 649. The court lacks subject matter jurisdiction when the removing party does not carry its heavy burden of proving joinder was improper. *Smallwood*, 385 F.3d at 576.

### B. Applicable Methods and Pleading Standard for Improper Joinder Analysis

The issue of whether a plaintiff has a reasonable basis of recovery under state law may be resolved in one of two ways: (1) the court may conduct a Rule 12(b)(6)-type analysis of the allegations in the petition to determine whether the plaintiff states a claim; or (2) in rare cases, the court may pierce the pleadings to conduct a summary-judgment-like inquiry to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery. *Smallwood*, 385 F.3d at 573–74. Generally, the second method should only apply in cases where the plaintiff has stated a claim but has also misstated or omitted discrete facts that would determine the propriety of a non-diverse defendant's joinder. *Id.* at 573. Such a summary inquiry should not involve substantial hearings and should only allow narrowly tailored discovery based on a showing of necessity. *Id.* at 574. Moreover, the motive or purpose of the joinder is not relevant. *Id.*

For the first method, the Fifth Circuit previously held in August of 2015 that—in

accordance with several prior unpublished opinions—the Texas fair notice pleading standard applied. *See Int'l Energy Ventures Mgmt. LLC v. United Energy Grp. Ltd.*, 800 F.3d 143, 149 (5th Cir. 2015), *withdrawn*, 818 F.3d 193 (5th Cir. 2016). About seven months later, the Fifth Circuit changed the law to impose the federal pleading standard when determining whether a plaintiff has stated a claim against a non-diverse defendant. *See Int'l Energy Ventures Mgmt. LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 207–08 (5th Cir. 2016). This holding is now the governing law for an improper joinder analysis, although a petition for rehearing en banc is currently pending in *International Energy Ventures* on this issue. (*See* Exhibit B). Additionally, a federal court can never have jurisdiction over a non-diverse defendant where subject matter jurisdiction is based on diversity. *Int'l Energy Ventures*, 818 F.3d at 209 Thus, if the Court determines that a non-diverse defendant has been improperly joined, that party can only be dismissed *without* prejudice. *Id.*

    **C.  Under Texas Law, an Insurance Adjuster Like Rekart Can Be Held Liable for Violations of the Texas Insurance Code and DTPA**

Under Texas law, an agent is personally liable for his own tortious acts that he directs or participates in during his employment, even when those acts were performed as a representative. *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002); *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984); *Walker v. Anderson*, 232 S.W.3d 899, 918 (Tex. App.—Dallas 2007, no pet.); *Gore v. Scotland Golf, Inc.*, 136 S.W.3d 26, 32 (Tex. App.—San Antonio 2003, pet. denied); *Kingston v. Helm*, 82 S.W.3d 755, 758–59 (Tex. App.—Corpus Christi 2002, pet. denied). An agent is liable for his own torts even where his employer is also liable for the same actions. *See Shapolsky v. Brewton*, 56 S.W.3d 120, 133 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). An agent cannot escape liability where he directly participated in the wrongdoing. *Ennis v. Loiseau*, 164 S.W.3d 698, 707 (Tex. App.—Austin 2005, no pet.); s*ee also Land v. Wal-Mart Stores of Texas*, No. SA-14-CV-009-XR, 2014 WL 585408, at *3 (W.D. Tex. Feb. 13, 2014).

Under the Texas Insurance Code, a "person" subject to liability is defined in part as any "individual . . . engaged in the business of insurance," which specifically includes any adjuster. Tex. Ins. Code §§ 541.002(2) & 541.151(1). The Texas Supreme Court has long held that an insurer's employee "engaged in the business of insurance" is a "person" that may be held individually liable for violations of the Texas Insurance Code. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484–86 (Tex. 1998). The Texas Supreme Court also long ago recognized that "[t]he business of insurance includes the investigation and adjustment of claims and losses." *Vail v. Texas Farm Bur. Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1988).

Based on Texas law, the Fifth Circuit has also held that a claims adjuster responsible for the servicing of insurance policies is engaged in the business of insurance and subject to the Texas Insurance Code. *Gasch*, 491 F.3d at 282. Similarly, numerous decisions within this circuit have held that independent adjusters are subject to liability under the Texas Insurance Code. *See, e.g.*, *Esteban v. State Farm Lloyds*, 23 F. Supp. 3d 723, 728–31 (N.D. Tex. 2014); *Rocha v. Geovera Specialty Ins. Co.*, No. 7:13–CV–589, 2014 WL 68648, at *2–4 (S.D. Tex. Jan. 8, 2014); *Lindsey–Duggan, LLC v. Philadelphia Ins. Cos.*, No. SA–08–CA–736–FB, 2008 WL 5686084, at *2–3 (W.D. Tex. Dec. 15, 2008); *First Baptist Church v. GuideOne Mut. Ins. Co.*, No. 1:07–CV–988, 2008 WL 4533729, *5 & n. 8 (E.D. Tex. Sept. 29, 2008); *McNeel v. Kemper Cas. Ins. Co.*, No. 3:04–CV–0734, 2004 WL 1635757, at *2–3 (N.D. Tex. July 21, 2004). Furthermore, the Texas Insurance Code and DTPA "each grant relief for unfair or deceptive acts or practices in the business of insurance." *Vail*, 754 S.W.2d at 132; *see also* Tex. Bus. & Com. Code § 17.50(a)(4); Tex. Ins. Code § 541.151(2). An insured also has standing as a consumer to base DTPA claims on acts committed during the investigation of a claim made under an insurance policy. *See Allstate Ins. Co. v. Kelly*, 680 S.W.2d 595, 603 (Tex. App.—Tyler 1984, writ ref'd n.r.e.). Thus, an adjuster

like Rekart can be held liable under these statutes when he improperly investigates and adjusts an insurance claim on behalf of an insurer.

### D.  Dharma's Original Petition Sufficiently States at Least One Plausible Claim on which It May Possibly Recover Against Rekart

The allegations in the Original Petition pertinent to the claims against Rekart are as follows. Dharma owns the property located at 2110 W. Katherine P. Raines Rd., Cleburne, Texas, which is insured under a Texas property insurance policy issued by Lexington. (*See* Exhibit A, at 3). In or about April 2015, Dharma experienced a storm that damaged its business. (*Id.*) Dharma timely submitted a claim to Lexington, and Lexington assigned Rekart to adjust the claim. (*Id.*) Rekart was an agent and representative of Lexington in regard to the claim, and he also acted as an insurance adjuster engaged in the business of insurance by investigating, processing, evaluating, approving, and denying, in whole or in part, Dharma's claim. (*Id.*) Rekart was also charged with communicating with Dharma about policy terms, coverage, and payment. (*Id.*) From and after the time Dharma's claim was presented to Lexington, the liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. (*Id.* at 7). But Rekart was not diligent in the handling and resolution of the claim, failed to timely and reasonably investigate the claim, failed to fairly and accurately adjust the claim, and as a result, improperly denied full coverage and payment for the entire covered loss. (*Id.* at 4).

When inspecting Dharma's property after the storm, Rekart was tasked with conducting a thorough and reasonable investigation of the claim, including determining the cause of and then quantifying the damage done to Dharma's business. (*Id.*) However, Rekart conducted a substandard inspection and prepared a repair estimate that vastly under-scoped the actual covered damages to the business. (*Id.*) Rekart failed to account for all of the covered damage by omitting all areas of storm damage that was part of the covered loss, including roof and exterior damage to

multiple structural elements and interior damage to multiple rooms. (*Id.*) Rekart also under-estimated and misrepresented the actual cost to repair the storm damage that he accounted for as part of the covered loss. (*Id.*) As a result, Rekart's inspection and estimate did not allow for adequate funds to cover repairs to restore Dharma's business. (*Id.*)

Rekart misrepresented the cause of, scope of, and cost to repair the damage to Dharma's business as well as the amount of and insurance coverage for the claim and covered loss. (*Id.*) In particular, Rekart misrepresented material facts regarding lack of coverage for omitted storm damages and the costs of needed repairs, materials, taxes, and contractor's overhead and profit. (*Id.*) Rekart made these and other misrepresentations to Dharma and Lexington, who relied on such misrepresentations, and Dharma has been damaged as a result of such reliance. (*Id.* at 4–5). Rekart's misrepresentations caused Lexington to deny Dharma's claim, and as a result, Dharma has not been able to properly and completely repair the damages to its business, which has caused additional and further damage to Dharma's business. (*Id.* at 5). Based on Rekart's adjustment, Lexington determined that no payment was due on the claim, even though the actual cost to repair Dharma's business far exceeds the amount Rekart estimated. (*Id.*) Thus, Lexington and Rekart demonstrated they did not conduct a thorough and reasonable investigation of the claim. (*Id.*)

The petition further alleges that Rekart failed to fairly evaluate and adjust the claim as he was obligated to do under the policy and Texas law. (*Id.*) In failing to properly investigate the claim and wrongfully denying full coverage, Rekart engaged in unfair insurance and settlement practices prohibited under Texas law. (*Id.*) In part, Rekart's estimate and related statements misrepresented the benefits under the policy, which promised to pay the full amount of loss, in violation of Section 541.051(1)(B) of the Texas Insurance Code. (*Id.*) Similarly, Rekart misrepresented to Dharma that the damage to its property was not covered under the policy, even

though the damage was caused by a covered peril, in violation of Section 541.060(a)(1) of the Texas Insurance Code. (*Id.* at 6). Rekart also failed to make an attempt to settle the claim in a fair manner, although he was aware of the liability under the policy, in violation of Section 541.060(a)(2)(A) of the Texas Insurance Code. (*Id.*) Rekart further failed to explain to Dharma why full payment was not being made, did not communicate that future payments would be forthcoming to pay for the entire losses covered under the policy, and did not provide any explanation for the failure to adequately settle the claim, in violation of Section 541.060(a)(3) of the Texas Insurance Code. (*Id.*) Additionally, Rekart failed to affirm or deny coverage of the claim within a reasonable time, and did not provide a timely written indication of acceptance or rejection regarding the full and entire claim, in violation of Section 541.060(a)(4) of the Texas Insurance Code. (*Id.*) Moreover, Rekart refused to fully compensate Dharma under the terms of the policy, failed to conduct a reasonable investigation, and performed an outcome-oriented investigation of the claim, which resulted in a biased, unfair, and inequitable evaluation of Dharma's losses to its property, in violation of Section 541.060(a)(7) of the Texas Insurance Code. (*Id.* at 6–7).

Based on these alleged facts, Dharma asserts causes of action against Rekart in part for violations of Chapter 541 of the Texas Insurance Code. Specifically, Dharma alleges Rekart engaged in false, misleading, and deceptive acts or practices in the business of insurance; engaged in unfair claim settlement practices; made, issued, or circulated an estimate or statement that misrepresented the promised benefits under the policy; misrepresented pertinent facts or policy provisions relating to the coverage at issue; did not attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability has become reasonably clear; failed to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denying the claim; failed to affirm or deny coverage of the claim

within a reasonable time; and refused to pay the claim without conducting a reasonable investigation. (*Id.* at 11–12).

Construed in Dharma's favor, the alleged acts of Rekart show that he was an adjuster engaged in the business of insurance when he investigated Dharma's property insurance claim, and in the course of that investigation, he committed a number of specific violations of the Texas Insurance Code. As a result, Dharma's allegations are sufficient to state at least one plausible claim against Dollery for violating Section 541.051(1)(B), 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), or 541.060(a)(7) of the Texas Insurance Code. Although district courts within the Fifth Circuit have taken different views of an adjuster's possible liability under the Texas Insurance Code, any split of authority regarding such possible liability must be resolved in favor of remand. *Roach v. Allstate Vehicle and Property Insurance Co.*, No. 3:15-CV-3228-G, 2016 WL 795967, at *6 (N.D. Tex. Feb. 29, 2016). In particular, "[n]umerous courts have concluded that an insurance adjuster may be held personally liable for engaging in unfair settlement practices under Tex. Ins. Code § 541.060(a)(2)." *Id.* at *5. This is so because an adjuster is "the person primarily responsible for investigating and evaluating insurance claims," and "has the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims." *Id.*; *see also Martinez v. State Farm Lloyds*, No. 3:16-cv-00040-M, 2016 WL 4427489, at *3 (N.D. Tex. Aug. 22, 2016); *The Denley Grp., LLC v. Safeco Ins. Co. of Indiana*, No. 3:15-CV-1183-B, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30, 2015) (reasoning that "an insufficient investigation may well lead to a less than fair settlement of a claim").

In *Martinez*, the court found the petition sufficient to state a claim under section 541.060(a)(2) against the adjuster based on allegations that the adjuster conducted a substandard inspection of the plaintiff's property, prepared a report that failed to include all of the damages,

underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate, failed to properly scope the damages and underestimated the cost of repairs to the damages, and failed to allow for adequate funds to cover the cost of repairs to the property. 2016 WL 4427489, at *3. In *The Denley Group*, the court similarly found the allegations sufficient to support a claim under section 541.060(a)(2) against the adjuster because the plaintiff asserted the adjuster violated the statute by "failing to perform a proper and complete investigation of the claim," "failing to obtain a legal opinion on the legal obligation owed Plaintiff," "ignoring the true facts of the claim," and "unreasonabl[y] delay[ing] . . . the investigation, adjustment and resolution of Plaintiff's claim." 2015 WL 5836226, at *4.

In comparison, Dharma alleges sufficient facts to at least state a claim against Rekart under section 541.060(a)(2) of the Texas Insurance Code. Notably, a violation of this section of the Texas Insurance Code is also a violation of the DTPA. *See* Tex. Bus. & Com. Code § 17.50(a)(4) (providing a right of action for "the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code"). Thus, a reasonable basis exists for the Court to predict that Dharma might possibly prevail against Rekart and hold him individually liable on a cause of action long recognized under Texas law. (*See* Part II.C above). Whether or not Dharma can ultimately prevail against Rekart is not at issue for purposes of a remand. *See Gasch*, 491 F.3d at 282–83. Conversely, Lexington has failed to meet its burden to prove improper joinder. (*See* Part II.A above). Therefore, the Court lacks subject matter jurisdiction and must remand this case.

### III.   CONCLUSION

For the reasons above, Dharma respectfully requests that the Court grant this motion and remand this case to the 18th Judicial District Court of Johnson County, Texas because of the lack of subject matter jurisdiction and lack of proof of improper joinder.

        Respectfully submitted,

        **ALLAN, NAVA, GLANDER & HOLLAND, PLLC**
        13409 NW Military Hwy, Suite 300
        San Antonio, Texas  78231
        Phone:  (210)  305-4220
        Fax:  (210)  305-4219
        serveone@anglawfirm.com
        wholland@anglawfirm.com

By:   */s/ Wes Holland*
        WILLIAM N. ALLAN, IV
        State Bar No. 24012204
        WES HOLLAND
        State Bar No. 24007379
        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

    I hereby certify that, pursuant to Local Rule 7.1, Plaintiff's counsel, Bernie Kray, conferred with Defendants' counsel, Raymond L. Gregory II, regarding this matter via email on October 7 and 10, 2016. Defendants' counsel indicated that Defendants oppose this motion and the relief requested in this motion. Therefore, this motion is filed as opposed.

        */s/ Wes Holland*
        WES HOLLAND

## CERTIFICATE OF SERVICE

I hereby certify that, on October 10, 2016, the foregoing was electronically filed with the Clerk of Court and served on Defendants' counsel of record listed below using the CM/ECF system, which will send notification of such filing to the following:

Raymond L. Gregory II
EGGLESTON & BRISCOE, LLP
333 Clay St., Suite 4800
Houston, Texas 77002
Phone: (713) 659-5100
Fax: (713) 951-9920
rlg2@egglestonbriscoe.com

                                       */s/ Wes Holland*
                                       WES HOLLAND

ActiveFiles:ActiveCases:42000.0061 - Dharma CL, LLC dba Best Way Inn v Lexington Insurance:Motions:Plantiff:Motion to remand:Motion to Remand.docx